Dolores A. BRADWELL, Plaintiff— Appellant,

v.

Jo Anne B. BARNHART, Commissioner of Social Security, Defendant—Appellee.

No. 03–6136.

United States Court of Appeals, Second Circuit.

March 2, 2004.

Delores A. Bradwell, New York, NY, for Appellant, pro se.

Susan D. Baird, Assistant United States Attorney for the Southern District of New York (James B. Comey, United States Attorney, Sara L. Shudofsky, Assistant United States Attorney), New York, NY, for Appellee, of counsel.

PRESENT: SACK, WESLEY, Circuit Judges, and PAULEY,* District Judge.

## SUMMARY ORDER

Plaintiff–Appellant Delores A. Bradwell appeals pro se from an order of the United States District Court for the Southern District of New York (John S. Martin, *Judge*) entered May 30, 2003, (1) dismissing Ms. Bradwell's claim that the Social Security Administration lacked "substantial evidence" to support its conclusion that Ms.

---

* Of the United States District Court for the Southern District of New York, sitting by des-

Bradwell was born on March 13, 1938, and (2) denying Ms. Bradwell's request for a subpoena to obtain records that allegedly would demonstrate an earlier birth date.

■ In January 2000, Ms. Bradwell applied for retirement insurance benefits with the Social Security Administration ("the Administration"). In April 2000, the Administration found that Ms. Bradwell had been born on March 13, 1938, and, because she was not yet 62 years old, the Administration denied her request for benefits. Ms. Bradwell claimed that she was born on March 13, 1937 and requested a hearing to establish that earlier date as her birth date. In September 2000, an administrative law judge ("ALJ") conducted an evidentiary hearing. Based on, among other things, a 1950 census report and Ms. Bradwell's 1957–1958 high school records, the ALJ agreed with the Administration that Ms. Bradwell was born on March 13, 1938. Ms. Bradwell appealed the ALJ's decision to the Administration's Appeals Council, which, in July 2002, declined to review that decision because it concluded that the ALJ's decision was adequately supported by evidence.

In August 2002, Ms. Bradwell filed this action in the district court against the Commissioner of Social Security ("the Commissioner"), claiming that the Commissioner erred in determining her birth date because the evidence on which the ALJ relied was either inaccurate or falsified. The District Court granted the Commissioner's motion to dismiss on May 30, 2002.

■ We are not permitted to determine Ms. Bradwell's birth date for ourselves. We are required by law to treat the Commissioner's findings of fact as conclusive if they are supported by substantial evi-

ignation.

dence. *Bubnis v. Apfel*, 150 F.3d 177, 181 (2d Cir.1998). After reviewing the record, we conclude that the Commissioner properly evaluated the quality and credibility of the evidence submitted in accordance with the Code of Federal Regulations. *See* 20 C.F.R. §§ 404.709, 404.716. Hence, we agree with the district court that the Commissioner's finding that Ms. Bradwell was born on March 13, 1938 was based on substantial evidence. Because we are thus required to affirm the district court's dismissal of Ms. Bradwell's complaint, we have no power to order the Administration, the ALJ, or the Appeals Council to issue the subpoena that Ms. Bradwell seeks.

For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.